■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY WHITE, Appellant. [48 NYS3d 584]—

Judgment, Supreme Court, New York County (Laura A. Ward, J. at suppression hearing; Juan Merchan, J. at jury trial, sentencing, and resentencing), rendered October 25, 2012, as amended October 20, 2014, convicting defendant of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 18 years, unanimously affirmed.

Even if we agree with defendant that the court should have suppressed, as the product of custodial interrogation without

*Miranda* warnings, a statement he made at the scene of his arrest acknowledging ownership of a jacket he had secreted, we find that the receipt of the admission was harmless beyond a reasonable doubt (*see People v Romero*, 27 NY3d 981 [2016]; *People v Crimmins*, 36 NY2d 230, 240-241 [1975]). The overwhelming proof included not only the prompt and reliable identification made by the victim, who pursued defendant after the crime, but also a chain of circumstantial evidence having no reasonable explanation other than defendant's guilt. Moreover, defendant's admission added little to the People's case, and it was cumulative to an officer's testimony that he saw defendant take off and secrete the jacket.

Defendant's right of confrontation was not violated by evidence, admitted with an appropriate jury instruction, that a nontestifying store clerk falsely denied that the victim's phone was present in his store, which defendant had been seen entering and leaving. This undisputedly false declaration was not received for its truth (*see Tennessee v Street*, 471 US 409 [1985]). On the contrary, its falsity was established by evidence that the police found the phone in the store by dialing its number and hearing it ring. The clerk's declaration did not incriminate defendant, and it completed the narrative of how the police recovered the phone. In any event, any error was likewise harmless.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.